UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81557-CIV-MIDDLEBROOKS

ERIC ROGERS,

    Plaintiff,

v.

CHINA ONE EXPRESS CORP. and
CONGRESS PLAZA, LLC,

    Defendants.
_____/

## ORDER AND OPINION DENYING DEFENDANT CONGRESS PLAZA, LLC'S MOTIONS TO DISMISS COMPLAINT

THIS CAUSE comes before the Court upon Defendant Congress Plaza, LLC's ("Congress Plaza") Motion to Dismiss Plaintiff's Complaint ("Motion"), filed on October 10, 2016. (DE 15). Plaintiff Eric Rogers ("Plaintiff") filed a Response in Opposition the next day, October 11, 2016. (DE 16). For the reasons stated below, Congress Plaza's Motion is denied.

## BACKGROUND

Plaintiff is a disabled individual within the meaning of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and resides in Florida. (Complaint, hereinafter "Compl.," at ¶ 2). Defendant China One Express Corp. ("China One") is a Florida company that operates a restaurant at 964 North Congress Avenue, West Palm Beach, FL 33409. (*Id.* at ¶ 6). Congress Plaza is a limited liability company that owns or operates the real property on which the restaurant is located. (*Id.* at ¶ 7). As Congress Plaza explains in its Motion, it is China One's landlord. (DE 15 at 1). The landlord-tenant relationship is governed by a lease agreement that shifts responsibility for ADA compliance onto China One and requires China to indemnify Congress Plaza for "any claims or damages which may arise out of" China One's

ADA "responsibilities and/or obligations." (*Id.* at 2-3). The Complaint alleges that Defendants have discriminated against Plaintiff by failing to keep the restaurant's premises in compliance with the ADA's Accessibility Guidelines ("ADAAG"). (Compl. at ¶ 18). Plaintiff lists a number of aspects in which the premises are deficient, (*id.*), and maintains that these violations can be readily modified by structural adjustments (*id.* at ¶ 19). The Complaint demands injunctive relief to compel Defendants to make the necessary changes. (*Id.* at ¶ 27).

Congress Plaza seeks to dismiss the Complaint on two grounds: (1) that Plaintiff cannot state a claim for relief against it, a landlord, where the lease agreement imputes all forms of ADA liability to the tenant; and (2) that Congress Plaza's Notice of Consent to Relief Requested (DE 14) moots the instant action.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

When reviewing a motion to dismiss, a court must construe plaintiff's complaint in the light most favorable to plaintiff and take the factual allegations stated therein as true. *See*

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for purpose of determining whether a claim is legally sufficient).

Generally, a plaintiff is not required to detail all the facts upon which he bases his claim. Fed. R. Civ. P. 8(a)(2). Rather, Rule 8(a)(2) requires a short and plain statement of the claim that fairly notifies the defendant of both the claim and the supporting grounds. *Twombly*, 550 U.S. at 555-56. However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556 n.3. Plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). "Factual allegations must be enough to raise [plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Id.*

## DISCUSSION

Congress Plaza first argues that the lease agreement between it and China One shields it from ADA liability insofar as that document purports to make China One responsible for ADA compliance. However, private arrangements cannot displace obligations imposed by the plain language of the ADA. The statute's "General Rule" reads:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who *owns*, leases (*or leases to*), or operates a place of public accommodation.

3

42 U.S.C. § 12182(a) (emphasis added). The text clearly mandates that property owners and lessors refrain from discrimination on the basis of disability. Were a landlord's liability not clear enough from the face of the statute, the Department of Justice's regulations have only made it more explicit. Those regulations provide, in relevant part:

> Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. *As between the parties*, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 C.F.R. § 36.201(b) (emphasis added). Thus, landlord and tenant may privately allocate ADA responsibilities at their discretion. But doing so does not strip Plaintiff of an ADA claim against Congress Plaza. It only gives Congress Plaza a breach of contract remedy against China One.

The Ninth Circuit has squarely confronted the question of a lease agreement's effect upon a landlord's ADA liability. Examining the statute's express terms, legislative history, and enabling regulations, it held that "a landlord has an independent obligation to comply with the ADA that may not be eliminated by contract." *Botosan v. Paul McNally Realty*, 216 F.3d 827, 833 (9th Cir. 2000). "[C]ontractual allocation of responsibility has no effect on the rights of third parties" because "[t]he power to waive or impose liability as against a third party resides only in Congress, and Congress has stated that both the landlord and tenant are liable under the Act." *Id.* For this reason, even had Congress Plaza offered evidentiary support for the lease agreement outside of the excerpts cited in its brief (which it does not), I could not take those contractual rights and obligations into consideration. Accordingly, by alleging that Congress Plaza is the owner and operator of the real property on which the restaurant sits, Plaintiff has adequately stated an ADA claim against it.

Secondly, Congress Plaza argues that its Notice of Consent to Relief Requested either moots Plaintiff's claim, or, in the alternative, entitles it to an abatement to comply with Plaintiff's demand for structural changes to the property. "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice unless it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 609 (2001); *see also Atheists of Fla., Inc. v. City of Lakeland*, 713 F.3d 577, 594 (11th Cir. 2013) ("It is well-settled that a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued") (internal quotations omitted). A defendant bears a "formidable, heavy burden" to persuade the Court that the "challenged conduct cannot reasonably be expected" to recur. *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1184 (11th Cir. 2007); *see also Atheists of Fla.*, 713 F.3d at 594-95. The focus of this inquiry is not on the defendant's stated intentions, but on factors such as (1) whether the conduct was "isolated or unintentional, as opposed to [] continuing and deliberate"; (2) whether the cessation was "motivated by a genuine change of heart or timed to anticipate suit"; and (3) whether "the defendant has acknowledged liability." *Id.* So far, the record is insufficient to determine Congress Plaza's motivation for committing the alleged ADA violations. But as to the second factor, there is no doubt that the cessation was in response to the instant lawsuit. Indeed, the cessation – meaning efforts to update the premises to come into compliance with the ADA – has not even occurred yet, but is only being offered unilaterally. Not only is it possible that the violation will recur, it is entirely possible that it will not actually stop. On the third factor, Congress Plaza's argument rooted in contract theory demonstrates that it has not acknowledged liability either. I find that Congress Plaza has not met its heavy burden

of showing that the action is moot. I know of no cases, and Congress Plaza has cited to none, in which the mere promise to remedy an ongoing violation is enough to prove mootness. Since there is a live controversy, an abatement is not warranted.

I am sympathetic to Congress Plaza's good faith efforts to bring its premises into ADA compliance. At the same time, it cannot use a 12(b)(6) motion as a vehicle to dispose of this case simply because it is amenable to resolving the underlying issues. That outcome can be obtained, as is often the case, through a settlement agreement and stipulated dismissal. Accordingly, it is

**ORDERED** and **ADJUDGED** that Defendant Congress Plaza, LLC's Motion to Dismiss Plaintiff's Complaint (DE 15) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this __14__ day of December, 2016.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record